FILED

1  MICHAEL A. PAINTER, Bar #43600
   painter@ikplaw.com
2  ISAACMAN, KAUFMAN & PAINTER
   8484 Wilshire Boulevard, Suite 850
3  Beverly Hills, California 90211
   (323) 782-7700 - Telephone
4  (323) 782-7744 - Facsimile

2010 NOV -1 PH 3:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

5
6  Attorneys for Plaintiff,
   MURAD, INC.
7
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
12 | MURAD, INC., a California      | CASE NO. CV10 8249-DDP (RZ)
13 | corporation,                   |
14 |        Plaintiff,              | COMPLAINT FOR DECLARATORY
15 |                                | JUDGMENT; CANCELLATION OF
                                     UNITED STATES TRADEMARK
16 |    vs.                         | CERTIFICATE OF REGISTRATION
17 | FUSION BRANDS                  | NO. 3,572,610
18 | INTERNATIONAL SRL, a Barbados  |
   | corporation,                   |
19 |                                |
20 |        Defendants.             |
21
22
23
24        COMES NOW PLAINTIFF, MURAD, INC., and for causes of action
25 against the defendant, FUSION BRANDS INTERNATIONAL SRL, complains
26 and alleges as follows:
27
28

-1-

## JURISDICTION

1. Jurisdiction of this Court arises under the Federal Declaratory Judgments Act, Title 28, United States Code, §§ 2201 and 2202; 28 U.S.C. §§1331 and 1338(a); and under the Laws of the United States concerning actions relating to trademarks, 15 U.S.C. §1501, et seq , the Court's jurisdiction being based upon 15 U.S.C. §§1119 and 1121.

## THE PARTIES

2. Plaintiff, MURAD, INC., is a California corporation having its principal place of business in El Segundo, California (hereinafter referred to as "Murad").

3. Plaintiff is informed and believes and, based on such information and belief, alleges that defendant, FUSION BRANDS INTERNATIONAL SRL, is a corporation organized and existing under the laws of Barbados, having its principal place of business at Grove, Pine Road, Belleville, St. Michael, Barbados, West Indies (hereinafter referred to as "Fusion"); Fusion is transacting and doing business within this judicial district pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

## COUNT I FOR DECLARATORY RELIEF

4. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 - 3, inclusive, as though set forth in full herein again.

5. Fusion has caused the trademark CLEAN to be registered in the United States Patent and Trademark Office as Trademark Registration No. 3,572,610 for "perfume oil, eau de parfume, eau de toilette and body lotion," Registration No. 3,706,936 for the mark CLEAN for "scented candles," and Registration No. 3,394,365 for the mark CLEAN for "on-line retail store services featuring beauty products."

6. On or about February 4, 2010, Murad filed with the United States Patent and Trademark Office an application to register the trademark CLEAN

1  SCENE for non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleaners and peels in International Class 3, the application being identified as Application Serial No. 77/927,833.

7. On June 15, 2010, Murad commenced the use of the trademark CLEAN SCENE in interstate commerce.

8. On October 20, 2010, Fusion filed with the United States Patent and Trademark Office a Notice of Opposition to registration of Murad's CLEAN SCENE trademark alleging that Murad's CLEAN SCENE trademark is likely to cause confusion, to cause mistake and to deceive the trade and public into believing that Murad's goods have their origin with Fusion.

9. There is a substantial and continuing justiciable controversy between Murad and Fusion as to Fusion's right to threaten or maintain legal action against Murad based on allegations that Murad's CLEAN SCENE trademark violates or otherwise infringes on the rights of Fusion under the Lanham Act. The adjudication of the respective rights and liabilities of the parties will avoid irreparable injury to Murad and may prevent a multiplicity of litigation and will effect a just and expeditious determination of the controversy.

10. For the foregoing reasons, Murad is entitled to a declaratory judgment against Fusion that Murad's use and registration of the CLEAN SCENE trademark for non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleaners and peels does not violate or infringe any right of Fusion created by the Lanham Act or constitutes any form of unfair competition with Fusion.

## COUNT II FOR CANCELLATION OF
## CERTIFICATE OF REGISTRATION NO. 3,572,610

11.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 - 3, inclusive, and Paragraphs 5 - 10, inclusive, of the First Count as though set forth in full herein again.

12.  On or about February 10, 2009, the United States Patent and Trademark Office registered Fusions' CLEAN trademark for perfume oil, eau de parfume, eau de toilette and body lotion on the Supplemental Register as Registration No. 3,572, 610 ("'610 registration").

13.  Murad is informed and believes and, based on such information and belief, alleges that long prior to the registration of the mark CLEAN on the Supplemental Register numerous third-parties had used and/or registered with the United States Patent and Trademark Office composite trademarks that include the word CLEAN for the purpose of identifying goods in International Class 3, including but not limited to, the goods identified in the '610 registration and goods that are related thereto.

14.  In accordance with 15 U.S.C. §1091, at the time the application which matured into the '610 registration was filed, Fusion had not made lawful and exclusive use of the CLEAN trademark which is the subject of the '610 registration on the ground Fusion's CLEAN trademark so resembled marks previously registered or marks or trade names previously used by third parties that it was confusingly similar thereto under §2(d) of the Lanham Act [15 U.S.C. §1052(d)].

15.  Unless the '610 registration is cancelled, Murad shall suffer damage by the loss of and its inability to register the CLEAN SCENE trademark with the United States Patent and Trademark Office.

1  WHEREFORE, Murad respectfully prays for judgment and that this Court
2  grant the following relief as to each of the above causes of action:
3     A.   The Court enter a declaratory judgment holding that Murad's use and
4  registration of the trademark CLEAN SCENE does not violate or infringe upon
5  any trademark rights of Fusion under the Lanham Act or constitute any unfair
6  competition with Fusion;
7     B.   That Murad's Petition for Cancellation of the '610 registration be
8  sustained and that the '610 registration be cancelled; and
9     C.   For such other and further relief as the Court may deem just and
10 proper.

           Respectfully submitted,

           ISAACMAN, KAUFMAN & PAINTER, P.C.

           By: _____
               Michael A. Painter
               Attorneys for Plaintiff,
               MURAD, INC.

Dated: 11/1/2010